IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL GOLDEN FOODS, INC., an Illinois Corporation, | )<br>)<br>) |
| Plaintiff, | ) No. 20-cv-7716 |
| v. | ) JURY DEMAND |
| KONTI-RUS JOINT STOCK COMPANY, a Russian Joint Stock Company, | )<br>)<br>) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, International Golden Foods, Inc. ("IGF"), by and through its attorneys, Greensfelder, Hemker, & Gale, P.C., for its Complaint against Defendant, Konti-Rus Joint Stock Company. ("Konti"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for trademark infringement, unfair competition, and passing off under 15 U.S.C. § 1125, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and the Uniform Deceptive Trade Practices Act, 815 ILCS 505/1 *et seq.*; 815 ILCS 510/1 *et seq.*, and unfair competition under common law.

2. Plaintiff IGF produces, imports, and distributes packaged foods that are sold in supermarkets and retail establishments throughout the United States. Since at least December 1, 2008, IGF has sold various packaged foods and confectionaries under its BONJOUR product line. IGF owns a federal trademark registration for the word mark BONJOUR (U.S. Reg. No. 3853592). A true and accurate copy of IGF's trademark registration is attached as Exhibit 1. IGF has made continuous use of its mark for over 20 years. Its BONJOUR trademark registration was

91503.5

2

deemed incontestable in 2016. See Exhibit 1. In addition, IGF has developed substantial consumer recognition and good will in its BONJOUR mark. IGF's BONJOUR mark is excerpted from some of its packaging below:

 

3. On or about April 17, 2020, IGF learned that Defendant Konti was selling a packaged cookie product consisting of a cookie topped with a soufflé filling and coated with chocolate using the identical trademark BONJOUR. Konti attempted to obtain trademark registrations for the word mark KONTI BONJOUR (U.S. App. Ser. No. 88740631) and BONJOUR KONTI & Design (U.S. App. Ser. No. 88740636), as shown below:



The United States Patent and Trademark Office refused Konti's trademark applications based on a likelihood of confusion with IGF's BONJOUR trademark "not only to prevent buyer confusion as to the source of the goods, but to protect the registrant from adverse commercial impact due to use of a similar mark by a newcomer." A true and accurate copy of the Trademark Office record refusing registration of Konti's BONJOUR KONTI & Design (U.S. App. Ser. No. 88740636) mark is attached as Exhibit 2.

4. After being informed of the likelihood of confusion with IGF's BONJOUR trademark, and without contacting IGF's counsel of record, Konti filed a baseless cancellation proceeding with the Trademark Trial and Appeal Board (Proceeding No. 92073993), seeking cancellation of IGF's trademark registration in an effort to misappropriate rights to IGF's BONJOUR mark.

2

91503.5

5. IGF now seeks relief from this Court to enjoin Konti's continued intentional infringement of IGF's BONJOUR trademark. Because the Trademark Office cannot issue an injunction to stop Konti's continued trademark infringement or award damages to compensate IGF for Konti's intentional trademark infringement, IGF files this Action to fully resolve the Parties' respective claims in one proceeding and contemporaneously with filing this Action, IGF is requesting that the Trademark Trial and Appeal Board stay its proceeding pending resolution of this litigation. Without relief from this Court, even if Konti's trademark applications are refused, Konti's ongoing willful and intentional infringement of IGF's trademark will continue to damage IGF and cause irreparable harm to IGF's business and reputation.

## THE PARTIES

6. Plaintiff, International Golden Foods, Inc. is an Illinois Corporation, with its principal place of business located at 819 Industrial Drive, Bensenville, Illinois 60106, which does business in Illinois and throughout the United States.

7. Defendant, Konti-Rus Joint Stock Company, is a Russian Joint Stock Company with its principal place of business located at 13 Zolotaya St., Kursk, 305000, Russia, doing business in Illinois, and throughout the United States.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the subject matter of the action under 15 U.S.C. §1121, 28 U.S.C. §§ 1331 and 1338(a) and (b) and has supplemental jurisdiction under 28 U.S.C. § 1367 for IGF's state law claims.

9. This Court also has subject matter jurisdiction pursuant to 28 USC §1332 based on diversity of citizenship because the Plaintiff is an Illinois Corporation, the Defendant is a foreign corporation incorporated in Russia doing business in the United States by selling the

91503.5

infringing products throughout the United States, including in this district, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. This Court has personal jurisdiction over Defendant because the Defendant conducts business in this District by selling and distributing infringing products for sale in this District.

## IGF'S BONJOUR TRADEMARK

11. For over thirty years, IGF has been a leader in the production, manufacturing, and distribution of international food products. IGF has distributed its BONJOUR product line in the United States since at least as early as 2008. After over 20 years of widespread and continuous use, IGF has developed substantial goodwill and consumer recognition as the source of premium quality confectionary packaged foods under the BONJOUR mark.

12. In addition to its common law rights, IGF owns a federal trademark registration for the word mark BONJOUR, Registration No. 3853592, issued on September 28, 2010, for "Candies; Candy; Candy bars; Candy decorations for cakes; Candy for food; Candy with cocoa; Chocolate candies; Chocolates and chocolate based ready to eat candies and snacks; Confectionery made of sugar; Confectionery, namely, pastilles; Frozen confectionery; Starch-based candies (ame)[sic]; Sweets" with dates of first use in commerce at least as early as December 1, 2008. IGF has made continuous use of the BONJOUR marks since at least as early as December 1, 2008. On March 28, 2016, the mark was deemed incontestable. See Exhibit 1. IGF exclusively holds the right, title, and interest to these marks. A true and accurate copy of IGF's trademark registration is attached as Exhibit 1.

91503.5

## KONTI'S TRADEMARK INFRINGMENT

13. Many years after IGF adopted and registered its BONJOUR mark, Konti entered the U.S. market selling directly competing packaged cookies using the identical mark BONJOUR in a similar stylized font.

14. A comparison of the product packaging side-by-side illustrates the substantial similarity between IGF's BONJOUR products and Konti's infringing BONJOUR products:



| INTERNATIONAL GOLDEN FOODS | KONTI |
| --- | --- |

[1]

---

[1] The product image shown appears on Konti's website at: http://www.konti.com/en/catalog/ukraine/product/13847 (accessed on December 16, 2020).

91503.5



The term BONJOUR appears in a similar cursive script font angled and underlined.

15. IGF's BONJOUR product line includes different types of packaged confectionary food products, including chocolate covered pastries (as shown above) that directly compete with, or are highly related to, Konti's BONJOUR products, such that consumers are likely to believe that the products emanate from the same source or are otherwise affiliated or associated.

16. Konti filed applications to register the trademarks KONTI BONJOUR (U.S. App. Ser. No. 88740631) and BONJOUR KONTI & Design (U.S. App. Ser. No. 88740636). The Trademark Office refused Konti's trademark applications based on a likelihood of confusion with IGF's BONJOUR mark. Exhibit 2. When the Trademark Office refused Konti's trademark applications, in addition to observing that "the marks are highly similar" and that the products are "highly related confections and sweets," the Examining Attorney explained that the basis for the refusal was "not only to prevent buyer confusion as to the source of the goods, but to protect the registrant [IGF] from adverse commercial impact due to use of a similar mark by a newcomer." Exhibit 2.

*[Intentionally left blank]*

6

91503.5

17. Despite adding the term KONTI to its trademark filings, images of Konti's products on retail websites and in the product catalogue for Konti's U.S. distributor Gold Star use the identical term BONJOUR without incorporating the term KONTI as shown below:



²

---

² See https://russianfoods.com/products/bonjor-with-strawberry-cream?_pos=3&_sid=e15ee882a&_ss=r (accessed on December 16, 2020).

91503.5



³

18. When the Trademark Office refused Konti's trademark applications, the Examining Attorney observed that the specimen provided to demonstrate use of the mark in commerce was "digitally created or altered to include the mark or a mockup of how the mark may be displayed." Exhibit 2.

19. In other words, the Trademark Office recognized that Konti had failed to present evidence that it used the term KONTI in conjunction with BONJOUR in the marketplace. Retailer product images that do not show the term KONTI incorporated on the product packaging and the digitally altered specimen filed with the trademark office demonstrate that Konti uses the identical mark BONJOUR without incorporating the term KONTI or any other terms that might distinguish its products from IGF's directly competing products. As a result, Konti's use of the BONJOUR

---

³See http://www.goldstarusa.com/assets/media/images/catalog/Gold%20Star%20Catalog%202019%20Final%20Draft.pdf (accessed on December 16, 2020).

8

91503.5

trademark in commerce is even more similar to IGF's registered trademark than the digitally altered version rejected by the Trademark Office.

20. After the Trademark Office notified Konti of IGF's superior rights, rather than taking reasonable steps to avoid confusing consumers, Konti filed a baseless proceeding challenging IGF's trademark registration in an effort to interfere with and usurp IGF's valid and superior rights in the BONJOUR mark.

21. Konti intentionally adopted an identical trademark and similar trade dress. At the time Konti entered the market and at the time Konti applied to register the KONTI BONJOUR and BONJOUR KONTI & Design marks, Konti knew, or should have known, about IGF and its prior use of its BONJOUR mark for directly competing products. Konti indicates that it entered the U.S. market in 2015 (as alleged in Konti's trademark application for BONJOUR KONTI & Design U.S. App. Ser. No. 88740636), 7 years after IGF began using its BONJOUR mark and 5 years after IGF's trademark registration was issued on September 28, 2010. Exhibit 1.

22. Because IGF's BONJOUR mark had been registered in the United States for 5 years at the time Konti entered the market, to the extent Konti did not have actual notice of IGF's prior rights, at a minimum, Konti had constructive notice based on IGF's trademark registration.

23. As the Trademark Office has already indicated, Konti's infringing product packaging is likely to cause confusion and deceive potential customers as to the source of Konti's products. Konti's confusingly similar product packaging improperly suggests that IGF has manufactured, sponsored, or endorsed Konti's products or that Konti's products are otherwise affiliated or associated with IGF.

24. Despite receiving clear notice of IGF's superior rights from the Trademark Office and IGF, Konti continues to infringe. Konti has not modified its packaging, removed infringing

9

91503.5

products from store shelves, provided notice to consumers, or otherwise taken any reasonable steps to avoid confusion.

25. Konti's ongoing willful and intentional infringement of IGF's trademark has caused, and continues to cause, irreparable harm to IGF's business and reputation for which there is no adequate remedy at law.

## COUNT I: TRADEMARK INFRINGEMENT

26. IGF realleges and incorporates by reference paragraphs 1-25 as though fully alleged herein.

27. Konti's use in commerce of the trademark BONJOUR, whether combined with the term KONTI or used separately, in connection with packaged food products is likely to cause confusion, or to cause mistake, or to deceive consumers and mislead the relevant public as to the source of its products or as to an affiliation, connection, or association between Konti or its products and IGF and its products.

28. The foregoing conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114.

29. IGF has been damaged as a direct and proximate result of the acts of Konti and those acting in concert with Konti in an amount in excess of $75,000 to be determined at trial.

30. Konti's conduct has caused great and irreparable injury to IGF and, unless such conduct is enjoined, will continue to cause, and IGF will continue to suffer, great and irreparable injury for which IGF has no adequate remedy at law.

## COUNT II: UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN

31. IGF incorporates paragraphs 1-30 as though fully alleged herein.

91503.5

32. Konti's use in commerce of IGF's trademark, alone and in combination with other elements, is likely to cause confusion, or to cause mistake, or to deceive consumers and mislead the relevant public as to the affiliation, connection, or association of Konti or its products with IGF or its products.

33. Konti used IGF's BONJOUR trademark, alone and in combination with other elements, to pass off its competing products as IGF's products.

34. The foregoing conduct of Konti constitutes unfair competition in violation of 15 U.S.C. § 1125.

35. Konti's infringing conduct was deliberate, intentional, willful, and with knowledge of IGF's superior rights.

36. IGF has been damaged as a direct and proximate result of the acts of Konti and those acting in concert with Konti in an amount in excess of $75,000 to be determined at trial.

37. Konti's conduct has caused great and irreparable injury to IGF, and unless such conduct is enjoined, it will continue to cause, and IGF will continue to suffer, great and irreparable injury for which IGF has no adequate remedy at law.

**COUNT III: CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES**

38. IGF incorporates paragraphs 1-37 as though fully alleged herein.

39. Konti has engaged in unfair or deceptive acts or practices, namely passing off goods or services as those of IGF; causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Konti's goods; causing a likelihood of confusion or misunderstanding as to affiliation, connection or association with IGF; and otherwise engaging in conduct creating a likelihood of confusion or of misunderstanding in the minds of consumers.

91503.5

40. Konti's conduct violates the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/2 and the Uniform Deceptive Practices Act, as adopted by Illinois, 815 ILCS §510/2.

41. IGF has been damaged as a direct and proximate result of the acts of Konti and those acting in concert with Konti in an amount in excess of $75,000 to be determined at trial.

42. As a direct and proximate result of Konti's actions and conduct, IGF has suffered and will continue to suffer irreparable injury to its business and reputation for which there is no adequate remedy at law.

## COUNT IV: COMMON LAW UNFAIR COMPETITION AND PASSING OFF

43. IGF incorporates paragraphs 1-42 as though fully alleged herein.

44. Konti has engaged in unfair or deceptive acts or practices, namely passing off goods as those of IGF; causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Konti's goods or services; causing a likelihood of confusion or misunderstanding as to affiliation, connection or association with IGF; and otherwise engaging in conduct creating a likelihood of confusion or of misunderstanding in the minds of consumers.

45. Konti's conduct constitutes unfair competition and passing off in violation of the common law of the State of Illinois and other states where Konti is conducting business and selling or distributing its infringing products.

46. Konti acted maliciously, deliberately, intentionally and with intent to deprive IGF of its lawful rights, reputation, and good will, to intentionally divert sales from IGF, and to intentionally inflict serious damage and injury on IGF.

47. IGF has been damaged as a direct and proximate result of the acts of Konti and those acting in concert with it in an amount in excess of $75,000 to be determined at trial.

48. Konti's conduct has caused great and irreparable injury to IGF, and unless such conduct is enjoined, it will continue and IGF will continue to suffer great and irreparable injury for which IGF has no adequate remedy at law.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, IGF requests a jury trial of all issues that may be tried to a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, IGF prays for an Order and Judgment:

A. Enjoining Konti, its agents, representatives, employees, assigns, and all persons acting in concert or privity with it, from:

   i. Using in any manner infringing trade dress, or any name, mark, or trade dress that incorporates IGF's BONJOUR trademark or is confusingly similar to IGF's BONJOUR trademark;

   ii. Using or displaying the infringing BONJOUR mark and or product packaging featuring the infringing BONJOUR mark on any websites, products, or promotional materials in any false, misleading, and/or deceptive manner;

   iii. Acting in any manner likely to cause confusion or mistake in the minds of vendors, members of the public, or prospective consumers as to the source of the products or services offered for sale, distributed, or sold;

   iv. Acting in any manner likely to deceive members of the public, or prospective customers, into believing that there is some connection, association, or affiliation between IGF and Konti;

   v. Making any representations, express or implied, that IGF is affiliated with, authorizes, endorses, sponsors, or approves of Konti's products;

B. Ordering Konti to recall all products currently in the market in the United States bearing infringing trademarks and/or trade dress;

C. Ordering Konti to deliver for destruction, all products, labels, marketing and promotional materials, or any or other items in the possession, custody, or control of Konti or its agents

    bearing infringing trademarks or packaging confusingly similar to IGF's trademarks under to 15 U.S.C. § 1118;

D. Ordering Konti, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon IGF within thirty (30) days after entry of an injunction, a written report under oath describing in detail the manner and form in which Konti has complied with the injunction, including recalling all products bearing infringing trademarks from the market;

E. Ordering Konti to provide an accounting of profits made from its sale of products bearing infringing trademarks and trade dress and ordering disgorgement of those profits under 15 U.S.C. § 1117;

F. Awarding actual damages;

G. Awarding treble damages and pre- and post-judgment interest pursuant to 15 U.S.C. § 1117;

H. Awarding reasonable attorney fees and costs under 15 U.S.C. § 1117 and Illinois Law; and

I. Granting IGF all such further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of December 2020.

/s/ Susan Meyer
Susan Meyer, Ill. No. 6226450
smeyer@greensfelder.com
O. Koplan Nwabuoku, Ill. No 6317315
knwabuoku@greensfelder.com
200 West Madison Street, Suite 3300
Chicago, IL 60606
Telephone: 312-419-9090
Fax: 312-419-1930

*Attorneys for Plaintiff International Golden Foods, Inc.*

91503.5